# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA  90017-3411
TELEPHONE  (213) 625-3900
FACSIMILE  (213) 625-1600
GERAGOS@GERAGOS.COM

MARK J. GERAGOS         SBN 108325
BEN J. MEISELAS          SBN 277412
GREG L. KIRAKOSIAN      SBN 294580
TYLER M. ROSS           SBN 292263

**SAMINI SCHEINBERG, PC**
BOBBY SAMINI            SBN 181796
NICOLE PRADO            SBN 269833
MATTHEW M. HOESLY       SBN 289593
949 S Coast Dr., Suite 420
Costa Mesa, CA 92626
Telephone: (949) 724-0900
Attorneys for STEPHEN JOHNSON, REGINALD PETERSON, RYAN SEDA, JASON YOUSEPH, and MICHAEL KERR

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JOHNSON, an individual; REGINALD PETERSON, an individual; RYAN SEDA, an individual; JASON YOUSEPH, an individual; and MICHAEL KERR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.:  8:14-cv-01991**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>2. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>3. **RELIGIOUS DISCRIMINATION;**<br>4. **RACE DISCRIMINATION;**<br>5. **RACE DISCRIMINATION;**<br>6. **VIOLATIONS OF EQUAL PAY ACT;**<br>7. **AGE DISCRIMINATION;**<br>8. **DISABILITY DISCRIMINATION;**<br>9. **WRONGFUL TERMINATION;**<br>10. **CONSTRUCTIVE TERMINATION;**<br>11. **HARASSMENT;**<br>12. **RETALIATION;**<br>13. **FAILURE TO MAINTAIN WORK ENVIRONMENT FREE FROM HARASSMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.     Plaintiffs Stephen Johnson, Reginald Peterson, and Ryan Seda, each individually bring claims against their former employer Zillow, Inc. (NASDAQ: Z) for horrific and discriminatory working conditions.  Specifically, each former Zillow employee faced constant discrimination on account of being African American.  These former employees (1) were referred to by Zillow as the "NAACP black coalition," (2) were nicknamed "Samuel Jackson" and "Bagger Vance," (3) were told they "nigger lipped" cigarettes, and (4) were moved to the back of the sales floor where they were denied sales leads and incoming cold calls which were routed to other non-African American employees by Zillow sales manager Doug Slotkin and Jon Boller.  Attached to this Complaint as Exhibit "A" are text messages from Zillow supervisor Gabe Schmidt containing a sample of the discriminatory culture that Plaintiffs faced on a daily basis.

2.     Separately, Zillow demanded that Plaintiff Ryan Seda remove his personal Zillow sales icon which read "Thank you lord" and "God over money" while permitting other employees who had Zillow icons with alcohol and smoking imagery. Zillow management condoned and endorsed sales icons containing alcohol and smoking imagery, which was reflective of the office culture. Mr. Seda was constructively terminated from Zillow after complaining of the working conditions and told that there was "no place" for religious imagery at Zillow.

3.     Plaintiff Michael Kerr was injured while working at Zillow based on managers yelling in his ear and from the loud techno music which was blasting from a speaker near his position on the sales floor.   When Mr. Kerr requested accommodations, Zillow managers retaliated against him by moving him directly next to the speaker where the music was blasting from.  Mr. Kerr measured the decibel level of the music and yelling and uncovered it was between 80-100 decibels.  Mr. Kerr's doctors informed him that he lost 40 percent of his hearing based on "high volume sound-related damage."  Mr. Kerr will have ringing in his ears for the rest of

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

his life.  Mr. Kerr was constructively terminated after complaining of these conditions, and being told by Zillow managers that his hearing loss was attributed to his age and not from the working conditions he suffered through.

4.     Plaintiff Jason Youseph brings claims against Zillow after being retaliated against on account of having to undergo surgery for a herniated disk.  Mr. Youseph was placed on probation by his manager because he had to undergo two weeks of physical therapy.   When Mr. Youseph returned to work, his manager informed him that he had to make up 2,100 minutes of call time for the remainder of the month – a task which was nearly impossible.  When Mr. Youseph was unable to meet this onerous condition, he received a letter of reprimand and probation which he was required to publically post on his desk for all to see as a form of shaming.  When Mr. Youseph finally caught up with his call time hours, he was instructed by his new manager, Gabe Schmidt, to rip up the public reprimand as a "reward" for meeting call-time goals.  Shortly thereafter, Mr. Youseph informed Zillow management that he required another surgery for the same medical condition.  Mr. Youseph was swiftly brought in front of human resources and informed he was being terminated for "insubordination" because he had ripped up the same letter of reprimand that he was instructed to rip up by his supervisor, Gabe Schmidt.

5.     The five separate Zillow employees who bring their own individual claims herein suffered severe emotional distress from these shockingly heinous working conditions.  When these employees spoke up to management, and demanded they be treated with decency and be afforded basic employment rights, they were either directly terminated or constructively terminated through a common plan and scheme of weeding out employees who did not fit the Zillow prototype of embracing a corrosive and discriminatory work culture where values such as "god over money" had "no place."

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**PARTIES**

6.    Plaintiff Stephen Johnson, at all relevant times, was an individual residing in Orange County, California.

7.    Plaintiff Reginald Peterson, at all relevant times, was an individual residing in Orange County, California.

8.    Plaintiff, Ryan Seda, at all relevant times, was an individual residing in Orange County, California.

9.    Plaintiff Jason Youseph, at all relevant times, was an individual residing in Orange County, California.

10.    Plaintiff Michael Kerr, at all relevant times, was an individual residing in Orange County, California.

11.    Defendant Zillow, Inc. (NASDAQ: Z), at all relevant times, was a Washington corporation with its headquarters and principal place of business in Seattle, Washington.  Zillow is registered to do business in the State of California and maintains an office with over a hundred employees in Orange County, California. Zillow is an online home and real estate marketplace for homebuyers, sellers, renters, real estate agents, mortgage professionals, landlords, and property managers.  Zillow claims its database contains more than 110 million U.S. homes.  Zillow also operates the largest real estate and rental advertising networks in the country.

12.    Plaintiffs are unaware of the true names and capacities of the Defendants named herein as Does 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to allege the true names and capacities of said Defendants when the same are ascertained. Plaintiffs are informed and believe and thereon allege that each of the aforesaid fictitiously named Defendants are responsible in some manner for the happenings and occurrences hereinafter alleged, and the Plaintiffs' damages and injuries as herein alleged were caused by the conduct of said Defendants.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy as to each individual Plaintiff exceeds $75,000.00 exclusive of interest and costs and because Defendant is incorporated in a state other than the state in which all Plaintiffs reside and Defendant has its principal place of business and high-level officers which direct, control, and coordinate the corporation's activities from its headquarters in Seattle, Washington.

14.     This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each Plaintiff's claims occurred in the Central District of California.

## FACTUAL ALLEGATIONS

### Zillow's Intolerable Work Environment

16.      Zillow's managers in the Irvine, California office deliberately and consistently created an overtly high stress, high intensity, unwelcoming, and hostile atmosphere for their employees to work on a daily basis.  Zillow executives within the Irvine office continuously turned a blind-eye to their manager's unlawful treatment of employees and effectively created an "anything goes" managerial style to effectuate higher sales numbers.  Attached hereto as Exhibit B is a copy of an email from Zillow Vice President Doug Slotkin informing sales consultants that lunch breaks were prohibited.  The email reads:

> It is not ok to grab the lunch provided and then leave the office for an hour break at lunch time – this defeats the purpose. Fair?

17.     Through various methods of intimidation, harassment, and threats of termination, Zillow demanded that its sales employees, including Plaintiffs, work

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

under impossible and unlawful working conditions.   Zillow managers bullied Plaintiffs through constant yelling, cursing, and disrespect in an attempt to unlawfully require Plaintiffs to:

     a.  work countless overtime hours without compensation;

     b.  work through their legally mandated  rest breaks throughout the day;

     c.  eat their lunches at their desks while continuously making sales cold calls; and

     d.  remain standing for upwards of three hours during non-stop cold call periods Zillow referred to as the "Blitz."

18.   Zillow managers created this "boiler-room" atmosphere of non-stop work by setting an unreasonably high 210 minutes of mandatory talk time and requiring Plaintiffs to reach an unattainable sales quota.  Plaintiffs were expected to follow these demands without question while managers played deafeningly loud techno music throughout the workday.

19.   Zillow executives were aware of their managers' unlawful treatment of employees and consistently ignored the complaints of their employees, including Plaintiffs.  By turning a blind-eye to this conduct and failing to control its managers, Zillow effectively condoned its managers' conduct and perpetuated the "boiler room" office atmosphere which led to constant disrespect and blatant violations of California's laws intended to protect employees from such treatment.

**Race Discrimination**

20.   Zillow management had a pattern and practice of racial discrimination against African-American employees by making explicitly racist and discriminatory jokes and statements concerning African-Americans and by creating a system where the few African-American employees were denied opportunities and lucrative incoming sales calls regularly provided to others.

21.   Plaintiffs Ryan Seda, Stephen Johnson, and Reginald Peterson were some of the few African-American employees hired at Zillow's Irvine Office.  Mr. Seda,

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Mr. Johnson, and Mr. Peterson were all hired on or about June 2012.  Each Plaintiff was originally placed under different managers until their second or third week of work, when all three were placed under the same team managed by the only African-American sales manager, Edward Cornelius.

22.    Zillow's Senior Sales Manager, Jon Boller, would openly refer to this sales team, a team he specifically created upon information and belief based on their race, as the "Black Coalition."  When Mr. Boller, the highest ranking sales manager at Zillow's Orange County office, would see Mr. Seda, Mr. Johnson, and Mr. Peterson together, he would state, "What is this, an NAACP convention?"

23.    Plaintiffs were regularly called nicknames such as "Samuel Jackson" and "Bagger Vance" by Zillow management.  The sales team consisting of Mr. Seda, Mr. Johnson, and Mr. Peterson were moved to the back corner of the sales floor where they were denied the same sales leads and incoming sales calls as the non-African American employees within Zillow.  Plaintiffs complained to management of these conditions, and management continued to engage in the discriminatory conduct outlined above.

**Religious Discrimination**

24.    In the face of this discriminatory conduct, Mr. Seda continued to hold his faith near and dear to his heart.  Mr. Seda's internal sales icon at Zillow had the words "thank the lord" and "god over money."  Mr. Seda was instructed that there is "no place" for these types of images at Zillow.  Mr. Seda complained to his managers that other employees had icons that endorsed alcohol and smoking and were not similarly instructed to remove their icons.

**Age Discrimination**

25.    Zillow management routinely and unapologetically subjected older employees to hurtful and inappropriate comments regarding their age while employed at Zillow including, but not limited to: (1) "younger people are faster"; (2) "you're too old to close"; (3) "do you even know how to work a computer?"; (4) "you can't keep

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

up with the rest of us," (5) "I can't believe you're as old as you are," (6)"you dress so professional, you make people feel uncomfortable and need to tone it down," and (7) "you need to drink the Zillow Kool-Aid to fit in with the culture."

26.     Plaintiff Stephen Johnson began his employment with Defendant Zillow on or about June 1, 2012 as an Inside Sales Consultant.  Mr. Johnson is a 45-year-old seasoned salesperson with over 15 years in sales and marketing experience.  Prior to working at Zillow, Mr. Johnson received numerous awards, including the President's Club Award on more than one occasion, which is only awarded to individuals who exceed $1,000,000.00 in sales.

27.     Instantly upon beginning work at Zillow, Mr. Johnson learned that explicitly racist and discriminatory jokes and statements were commonplace by Zillow managers.   Mr. Johnson's Senior Sales Manager, Jon Boller, also routinely and unapologetically subjected Mr. Johnson to harassing and discriminatory comments with specific reference to his age, including but not limited to: "older people can't grind it out," and "younger kids can go harder."

28.     This repulsive conduct also took the unlawful form denying Mr. Johnson employment advancement and participation in lucrative "sales call-ins," and other benefits of employment based in substantial part on account of his age and race without any reasonable justification.

29.     Although Mr. Johnson successfully performed his duties and consistently met sales goals and other criteria established by Zillow, younger non-African American employees in the same position with less experience and less performance success were given more favorable treatment.

30.     When Mr. Johnson questioned or complained about the ongoing harassment and unlawful denial of similar opportunities, Zillow managers would consistently ignore his concerns.   Instead, they continued to make unabashed comments regarding his age while younger non-African American employees were allowed opportunities of advancement and higher earning ability.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

31.    Zillow intentionally created or knowingly permitted the above-described working conditions to exist.  Indeed, the Zillow office culture in Southern California has been described as an "adult frat house" where age discrimination and other forms of harassment are normalized, condoned, and promoted by Zillow's management. Ultimately, the reprehensible behavior of Zillow management led to the wrongful termination of Mr. Johnson.

32.    Plaintiff Reginald Peterson, a family man and experienced salesman, was similarly subjected to discrimination by Zillow on account of his age and race.  Prior to working at Zillow, Mr. Peterson had substantial sales experience including a job on Wall Street.

33.     Shortly after hearing the promise of a positive work environment with opportunities for advancement within the company, Mr. Peterson relocated himself and his family from Palm Springs to Orange County for the position. Shortly afterwards, however, Mr. Peterson started to experience discriminatory conduct at the hands of Zillow management.

34.    Zillow Senior Sales Manager Jon Boller and Sales Manager Cody Fagnant would routinely subject Mr. Peterson to harassing and discriminatory comments with specific reference to his age, race, and professional demeanor. Discriminatory statements include, but are not limited to: "I can't believe you're as old as you are," "you dress so professional, you make people feel uncomfortable and need to tone it down," and "you need to drink the Zillow Kool-Aid to fit in with the culture."

35.    Additionally, Mr. Peterson witnessed members of Zillow management, including Mr. Boller and Mr. Fagnant, routinely fraternize with younger employees and help them achieve more sales while continuously ostracizing Mr. Peterson after finding out that he would rather spend time with his family after work instead of drinking "Zillow Kool-Aid" and taking part in Zillow's frat house culture.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

36.     When Mr. Peterson noticed that younger employees with either similar or less successful sales numbers were getting inbound calls, he complained to his manager who informed him that "Doug [Slotkin] has to like you if you expect incoming calls."  When Mr. Peterson approached the Vice President, Mr. Slotkin, concerning his continuous denial of incoming calls, Mr. Slotkin simply stated "you'll get incoming calls when you deserve them."  Confused as to why he was less deserving than younger non-African American employees, Mr. Peterson continued to work hard in hopes that he would eventually get incoming sales calls.  Mr. Peterson was continuously denied incoming sales calls until he was finally terminated because he did not have enough sales and was generally "not a good fit for Zillow."

### Disability Discrimination / Retaliation

37.     Plaintiff Jason Youseph began his employment with Defendant Zillow, Inc. on or about August 2013 as an Inside Sales Consultant.

38.     Mr. Youseph unfortunately experienced, and learned, of Zillow's widespread callous and unlawful practices of discriminating against those with disabilities and its policy and practice of immediately terminating those who took sick days or medical leave.  Mr. Youseph witnessed Zillow immediately terminate many employees who were either hospitalized or informed Zillow of upcoming surgeries.

39.     On or about January 2014, Mr. Youseph suffered a back injury resulting in severe pain associated with four herniated discs which necessitated Mr. Youseph to take time off.  Mr. Youseph informed his manager of his serious injuries and his need for leave.  Mr. Youseph's manager begrudgingly permitted a limited two weeks off.

40.     Before returning to work, Mr. Youseph informed his manager of his need for further time off on account of his serious injuries.  Ms. Youseph's manager simply stated, "that's not a good idea Jason."  Fearful that he would be terminated if he requested the needed time off, Mr. Youseph returned to work.

41.     Upon his return to work, Mr. Youseph informed his manager that his treatment required daily physical therapy sessions which he had scheduled to take

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

place on his lunch break.  Mr. Youseph's manager shamelessly reminded him that "you don't have lunch breaks."

42.    Upon hearing his manager's callous demands to work through lunch without his required physical therapy, Mr. Youseph was left with no alternative but to complain of the manager's unlawful treatment to his human resources supervisor.

43.    Mr. Youseph's manager learned of his complaints to human resources and immediately punished him by requiring him to make up the 2,100 minutes of call time he missed during his leave.  Mr. Youseph's manager raised the already unreasonably high daily call quota from 210 minutes to the unreachable 310 minutes.

44.    As expected, Mr. Youseph inevitably failed to reach these absurd demands and was again unfairly reprimanded and forced to publicly post his reprimand and probationary status on his desk for all to see so that he could be publically ridiculed and shamed.

45.    Mr. Youseph continued to complain of his manager's retaliatory conduct to his human resources supervisor, who simply removed Mr. Youseph from the manager's sales team and placed him under the management of Gabe Schmidt. However, neither human resources nor Mr. Schmidt cleared him of his probationary status and, in fact, continued to demand that he keep his public reprimand letter posted on his desk and that he make up his previously missed call minutes.

46.    After several months of unlawfully requiring Mr. Youseph to work overtime hours without compensation, in early May 2014, Mr. Youseph finally caught up with his missed call minutes.  Mr. Schmidt publicly and enthusiastically congratulated Mr. Youseph and instructed him to celebrate by ripping up his reprimand still posted on his desk.

47.    On or about May 21, 2014, Mr. Youseph learned that his herniated disks had not properly healed and would require immediate surgery.  That day, Mr. Youseph informed Mr. Schmidt of his need for surgery.  Before responding to Mr. Youseph's request, Mr. Schmidt stated that he would call a meeting with human

resources where Mr. Youseph could formally request his time off.   During that meeting the following day, Mr. Youseph was informed that he was being terminated for "insubordination" arising from Mr. Youseph's act of publicly ripping up his reprimand letter.

48.   Plaintiff Michael Kerr experienced similar heinous treatment and working conditions as Mr. Youseph.

49.   Mr. Kerr began his employment with Defendant Zillow on or about September 17, 2012 as an Inside Sales Consultant.

50.   Mr. Kerr immediately noticed Zillow's high pressure and bizarre "frat-house" atmosphere which included managers continuously hazing and yelling in their employees' ears while playing extremely loud electronic techno music.

51.   Within only a month of Mr. Kerr's employment at Zillow, he noticed a high-pitched and painful ringing in his ear, which he never before experienced.  Mr. Kerr also began to realize the quick decline of his ability to hear which was similarly acknowledged by his wife and fellow Zillow employees.

52.   On or about December 2012, Mr. Kerr brought his painful ear ringing and hearing loss concerns to the attention of Zillow manager, Cody Fagnant.  Mr. Kerr explained that the constant techno music played by Zillow managers and the incessant yelling into employees' ears during the sales "Blitz" periods had caused him serious pain and potential hearing loss.  Instead of addressing these concerns and changing Zillow's management style, Mr. Fagnant insulted him and stated that "your hearing loss is because of your old age."

53.   Mr. Kerr continuously complained of his ear pain and hearing loss until February 2013, when Mr. Fagnant publicly chastised him for his complaints and disciplined him by moving his seat directly next to the speaker which Mr. Kerr had associated as being one of the main causes of his ear pain and hearing loss.  In his new location, Mr. Kerr sat next to a co-worker who regularly wore heavy duty "shooting range" ear muffs to preserve his hearing.

54.     Immediately after his reprimand of being moved next to the dangerously loud speaker, Mr. Kerr noticed his ear and hearing condition continue to quickly worsen.  As a result, Mr. Kerr brought a device to measure the noise decibels in the office. Mr. Kerr kept records of noise decibels reaching upwards of 80 to 100 decibels.

55.     On or about March 2013, Mr. Kerr contacted his manager, Mr. Fagnant, and human resources supervisor, Hanja Enyeart, to complain of (1) the dangerously loud recorded decibel levels within the office; (2) OSHA's requirement of employers to provide hearing protection in work environment's consisting of decibel levels above 85; (3) and his desire to submit a worker's compensation claim in connection to his hearing loss.   Both Mr. Fagnant and Ms. Enyeart considered his complaints "ridiculous" and retaliated against Mr. Kerr by giving him the unreasonable ultimatum of either continuing to work or quit.  This discriminatory conduct led Mr. Kerr to be constructively terminated from Zillow in the spring of 2013, as Mr. Kerr was left with no choice other than to leave the company to preserve what little hearing ability he had left.

56.     Following his constructive termination by Zillow, Mr. Kerr's doctor notified him that his hearing had been damaged by loud noise resulting in the loss of 40% of his hearing and that the ringing in his ear would be permanent.

**Wrongful and Constructive Termination of Employees**

57.     Through the above mentioned allegations, Zillow management consistently treated employees who did not fit into its dictatorial "boys club" as lepers, objects, and servants undeserving of basic employment rights and human dignity, and either terminated or constructively terminated its employees.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**FIRST CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

*(All Plaintiffs Against All Defendants)*

58.     Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

59.     Defendant's conduct, as described above, was extreme and outrageous and beyond the bounds of decency tolerated in a civilized society.

60.     Defendant's conduct was intended to cause Plaintiffs emotional distress and Defendant acted with a reckless disregard to the probability that Plaintiffs would suffer emotional distress.

61.     Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) creating a boiler room atmosphere whereby employees would not be allowed to stand and/or sit down for extended periods of time during designated periods Zillow referred to as "the wave" and "the blitz"; (3) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (4) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow. Additionally, Zillow's upper management and supervising persons took part in the treatment to employees and/or endorsed the conduct towards its employees.

62.     Plaintiffs suffered severe emotional distress.

63.     Defendant was a substantial factor in causing Plaintiffs' severe emotional distress.

64.     As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant and its respective agents, servants, employees, and authorized

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

representatives as aforesaid, Plaintiffs have suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiffs have been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

65.     In engaging in the conduct as hereinabove alleged, Defendant and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiffs' health, rights, and well-being, and intended to subject Plaintiffs to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## SECOND CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *(All Plaintiffs Against All Defendants)*

66.     Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

67.     Defendant owed a duty to use reasonable care in its conduct with regard to the health, safety, and rights of Plaintiffs.  It was foreseeable and probable that Plaintiffs would suffer severe emotional distress from Defendant's conduct.

68.     Defendant was negligent by breaching the duty of care it owed to Plaintiffs when Defendant's agents, employees, and representatives repeatedly abused, harassed, and insulted Plaintiffs, and Defendant was aware of such conduct by its agents, employees, and representatives and allowed it to continue.

69.     Defendant Zillow ratified its agents, servants, employees, and authorized representatives' unlawful conduct and behavior as described herein by: (1) allowing an "adult frat house" culture to exist in its Orange County office; (2) creating a boiler room atmosphere whereby employees would not be allowed to stand and/or sit down

for extended periods of time during designated periods Zillow referred to as "the wave" and "the blitz"; (3) continuing to pay its agents, servants, employees, and authorized representatives despite knowledge of the unlawful conduct described herein; and (4) failing to report the unlawful conduct of any of its agents, servants, employees, and/or authorized representatives at any point to any authorities within or outside of Zillow. Additionally, Zillow's upper management and supervising persons took part in the treatment to employees and/or endorsed the conduct towards its employees.

70.     Plaintiffs suffered severe emotional distress.

71.     Defendant was a substantial factor in causing Plaintiffs' severe emotional distress.

72.     As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiffs have suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiffs have been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

73.     In engaging in the conduct as hereinabove alleged, Defendant and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiffs' health, rights, and well-being, and intended to subject Plaintiffs to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

### **THIRD CAUSE OF ACTION**

### **RELIGIOUS DISCRIMINATION**

### *(By Plaintiff Seda Against All Defendants)*

74. Plaintiff Seda realleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

75. Government Code section 12940(a) states in pertinent part:

> It is an unlawful employment practice for an employer, because of the race, religious creed, color, age, sexual orientation, or military and veteran status of any person, to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

76. Defendant Zillow intentionally created or knowingly permitted the above-described working conditions to exist.

77. Plaintiff was subjected to the above-described discrimination in the terms, conditions, or privileges of employment in violation of Government Code sections 12940(a).

78. Plaintiff's religion was a motivating factor for the discrimination against Plaintiff in the terms, conditions, or privileges of employment.

79. Plaintiff's religion was a motivating factor for the constructive discharge of Plaintiff.

80. Defendant Zillow constructively terminated Plaintiff in breach of public policy. The underlying public policy being those articulated in the California Fair Employment and Housing Act, Government Code section 12900, *et seq.*

81. Defendant Zillow's managers, employees, and agents engaged in harassing and discriminatory conduct with the intent to cause economic and emotional distress to Plaintiff. As described above, Defendant Zillow's representatives engaged in inappropriate conduct and created a hostile work environment for Plaintiff.

82.    Plaintiff Ryan Seda had the phrase "Thank You Lord" on his Zillow profile picture, similar other religious phrases that various Zillow employees had on their profile picture. Zillow management informed Mr. Seda that he had to take the phrase off of his profile picture, but other Zillow employees displayed pictures of them drinking alcohol, taking shots, and partying.

83.    As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

84.    In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or conscious disregard of Plaintiff's health, rights, and well-being, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## FOURTH CAUSE OF ACTION

### RACE DISCRIMINATION

### *(By Plaintiffs Seda, Johnson & Peterson Against All Defendants)*

85.    Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

86.    Government Code section 12940(a) states in pertinent part:

It is an unlawful employment practice for an employer, because of the race, religious creed, color, age, sexual orientation, or military and veteran status of any person, to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

87.   Defendant Zillow intentionally created or knowingly permitted the above-described working conditions to exist.

88.   Plaintiffs Mr. Seda, Mr. Johnson, and Mr. Peterson, were subjected to the above-described discrimination in the terms, conditions, or privileges of employment in violation of Government Code sections 12940(a).

89.   At all relevant times, Defendant had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Defendant, and Defendant's failure to protect Plaintiffs from further discrimination, Plaintiffs suffered severe emotional distress.

90.   As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiffs, and the failure to act by Defendant, Plaintiffs have suffered mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

91.   Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of their actions.

## FIFTH CAUSE OF ACTION

### RACIAL DISCRIMINATION 42 U.S.C. § 1981

*(By Plaintiffs Seda, Johnson & Peterson Against All Defendants)*

92.   Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

93.   Defendant, through its agents and employees engaged in a pattern and practice of willful and unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with the terms and conditions of Plaintiffs' employment.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

94.     At all relevant times, Defendant had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Defendant, and Defendant's failure to protect Plaintiffs from further discrimination, Plaintiffs suffered severe emotional distress.

95.     As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiffs, and the failure to act by Defendant, Plaintiffs have suffered mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

96.     Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of their actions.

## SIXTH CAUSE OF ACTION

## WILLFUL VIOLATIONS OF THE EQUAL PAY ACT

### *(By Plaintiffs Seda, Johnson & Peterson Against All Defendants)*

97.     Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

98.     Plaintiffs, Ryan Seda, Stephen Johnson, and Reginald Peterson, were employed by Defendant Zillow.

99.     Plaintiffs suffered willful discrimination on account of their race and were nicknamed "Samuel Jackson," "Bagger Vance," and were told not to "nigger lip" cigarettes.  Plaintiffs were publicly referred to by Zillow management as the "Black Coalition" and an "NAACP meeting."   Plaintiffs were moved to the back corner of the sales floor where they were denied the same sales leads and incoming returned cold calls as compared to non-African American employees at Zillow.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

100.   As a result of this treatment, Plaintiffs received substantially less salary and wages than other non-African American employees at Zillow.

101.   Plaintiffs' complained of this conduct and practices to their managers and their managers responded by continuing to discriminate against them and continuing to refuse to provide the same gainful employment opportunity as non-African American's employed by Zillow.

102.   The discrimination by Defendant Zillow was intentional and willful, where there was a pattern of discrimination in the wages of African American's at Zillow, and which was evidenced by the direct racist statements made to Plaintiffs.

103.   Plaintiffs have sustained injuries and damages as a result of the discrimination-based violation of the Equal Pay Act by Defendant Zillow.

104.   Plaintiffs are entitled to an award of damages in the amount of twice the difference in wages paid to Plaintiffs and their non-African American male counterparts at Zillow.

105.   Plaintiffs are entitled to an award of Attorneys' Fees for the violations of the Equal Pay Act by Defendant Zillow.

## SEVENTH CAUSE OF ACTION

### AGE DISCRIMINATION

### *(By Plaintiffs Johnson & Peterson Against All Defendants)*

106.   Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

107.   Government Code section 12940(a) states in pertinent part:

> It is an unlawful employment practice for an employer, because of the race, religious creed, color, age, sexual orientation, or military and veteran status of any person, to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

108. Defendant Zillow intentionally created or knowingly permitted the above-described working conditions to exist.

109. Plaintiffs were subjected to the above-described discrimination in the terms, conditions, or privileges of employment in violation of Government Code sections 12940(a).

110. Plaintiff Stephen Johnson has over fifteen years of experience in sales and marketing, and was granted the "President's Club" award by his prior employer recognizing over $1,000,000.00 in sales. Mr. Johnson, then 45-years-old, experienced discriminatory conduct shortly after beginning employment at Zillow, including being unlawfully denied participation in lucrative incoming sales calls, while younger, less-experienced employees were given more favorable treatment. Mr. Johnson was subjected to numerous instances of age-based disparaging remarks, including but not limited to: "younger people have more energy," "younger people can grind it out," and "younger kids can go harder."

111. Plaintiff Reginald Peterson was an experienced and accomplished salesman with employment that included a position on Wall Street. Mr. Peterson experienced discriminatory conduct shortly after beginning employment at Zillow, including being unlawfully denied participation in lucrative inbound sales calls, while younger, less-experienced employees were given more favorable treatment. Mr. Peterson was subjected to numerous instances of age-based and demeanor disparaging remarks, including but not limited to: "I can't believe you're as old as you are," "you dress so professional, you make people feel uncomfortable and need to tone it down," and "you need to drink the Zillow Kool-Aid to fit in with the culture." Additionally, Mr. Peterson was told by Zillow management to sit in the back of the room during meetings so younger employees could sit up front, and was denied the chance to take work breaks although younger employees were permitted to do the same.

112. Plaintiffs' age was a motivating factor for the discrimination against Plaintiff in the terms, conditions, or privileges of employment.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

113.   Plaintiffs' age was a motivating factor for the discharge of Plaintiffs.

114.   Defendant Zillow terminated Plaintiffs in breach of public policy. The underlying public policy being those articulated in the California Fair Employment and Housing Act, Government Code section 12900, *et seq.*

115.   Defendant Zillow's managers, employees, and agents engaged in harassing and discriminatory conduct with the intent to cause economic and emotional distress to Plaintiffs. As described above, Defendant Zillow's representatives engaged in inappropriate conduct and created a hostile work environment for Plaintiffs by denying them participation in sales "call-ins" or other employment opportunities and by creating a hostile work environment by making blatant derogatory comments concerning their age.

116.   As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiffs have suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiffs have been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

117.   In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or conscious disregard of Plaintiffs' health, rights, and well-being, and intended to subject Plaintiffs to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

# EIGHTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION

### *Government Code § 12940(a)*

### *(By Plaintiffs Youseph & Kerr Against All Defendants)*

118.   Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

119.   Government Code section 12940(a) states in pertinent part:

> It is an unlawful employment practice for an employer, because of the race, religious creed, color, physical disability, age, sexual orientation, or military and veteran status of any person, to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

120.   Defendant Zillow intentionally created or knowingly permitted the above-described working conditions to exist.

121.   Plaintiffs were subjected to the above-described discrimination in the terms, conditions, or privileges of employment in violation of Government Code section 12940(a).

122.   Plaintiffs' disability was a motivating factor for the discrimination against Plaintiffs in the terms, conditions, or privileges of employment.

123.   Plaintiffs' disability was a motivating factor for the discharge of Plaintiffs.

124.   Defendant Zillow terminated Plaintiffs in breach of public policy. The underlying public policy being those articulated in the California Fair Employment and Housing Act, Government Code section 12900, *et seq.*

125.   Defendant Zillow's managers, employees, and agents engaged in harassing and discriminatory conduct with the intent to cause economic and emotional

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

distress to Plaintiffs. As described above, Defendant Zillow's representatives engaged in inappropriate conduct and created a hostile work environment for Plaintiffs by denying them participation in sales "call-ins" or other employment opportunities and by creating a hostile work environment.

126. Plaintiff Jason Youseph suffered from four herniated discs which were exacerbated by Zillow's working conditions. Mr. Youseph notified his manager of his injuries and provided a doctor's note reflecting those injuries and the fact that he needed surgery. As a result, Mr. Youseph was terminated on the pretextual grounds of "insubordination."

127. Plaintiff Michael Kerr suffered severe hearing loss as a result of the yelling and loud music he endured during Defendant Zillow's "wave" and "blitz" periods of the day. After Mr. Kerr submitted a worker's compensation claim to Zillow, he was given an ultimatum to come into work or be terminated. Due to these intolerable working conditions at Zillow, Mr. Kerr was forced to resign from his position.

128. As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant Zillow and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiffs have suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiffs have been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income, employment, and career benefits.

129. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or conscious disregard of Plaintiffs' health, rights, and well-being, and intended to subject Plaintiffs to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

### NINTH CAUSE OF ACTION

**WRONGFUL TERMINATION**

***(By Plaintiffs Peterson, Johnson, & Youseph Against All Defendants)***

130.   Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

131.   Plaintiff Reginald Peterson endured age harassment, discrimination, and other offensive conduct described herein during his employment with Defendant Zillow.   Defendant Zillow terminated Plaintiff in or around December 2012. Plaintiff's age and race was a motivating reason for his termination, against California public policy.

132.   Plaintiff Stephen Johnson endured age harassment, discrimination, and other offensive conduct described herein during his employment with Defendant Zillow.  Defendant Zillow terminated Plaintiff in or around January 2013.  Plaintiff's age and race was a motivating reason for his termination.

133.   Plaintiff Jason Youseph endured discrimination based on a physical disability, and other offensive conduct described herein during his employment with Defendant Zillow.  Defendant Zillow terminated Plaintiff's employment in or around May 2014.  Plaintiff's disability discrimination, efforts to go on medical leave, and other offensive conduct described herein were motivating reasons for his termination, against public policy in California.

134.  Defendant Zillow was aware, or should have been aware, of the likelihood that Plaintiffs would suffer severe emotional distress as a result of the above-described outrageous conduct.   The outrageous and shocking conduct of Defendant Zillow and its employees was done intentionally and for the purpose of inflicting extreme and severe emotional distress upon Plaintiffs.

135. Defendant Zillow knowingly created and intentionally permitted these intolerable working conditions and failed to take appropriate remedial steps to protect Plaintiffs from discrimination, retaliation, and harassment.

136. Plaintiffs were harmed and the requirement that they endure discriminatory conduct, and other offensive conduct as described herein during the course of their employment was a substantial factor in causing Plaintiffs' harm.

137. Plaintiffs' termination from their employment was rooted in violation of public policy embodied in California's Fair Employment and Housing Act, Government Code section 12900, *et seq.*

138. As a direct and proximate result of Defendant Zillow's extreme and outrageous conduct, Plaintiffs suffered and continue to suffer damages, including lost earnings and benefits, stress, anxiety, humiliation, embarrassment, discomfort, mental anguish, and severe emotional distress in addition to other consequential damages.

139. In engaging in the conduct as hereinabove alleged, Defendant Zillow and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiffs' health, rights, and well-being, and intended to subject Plaintiffs to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## TENTH CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

### *(By Plaintiff Kerr and Seda Against All Defendants)*

140. Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

141. Constructive discharge occurs when the employer's conduct is so egregious that it effectively compels the employee to resign. The employer must either intentionally create or knowingly permit working conditions that are so intolerable at

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

the time of the employee's resignation, that a reasonable person in the employee's position would be compelled to resign.

142.   It is the express fundamental public policy of the State of California that employers may not discriminate against employees because of their physical disability, gender, age, or religious creed.

143.   Plaintiff Michael Kerr was required to endure disability discrimination and other offensive conduct described herein during his employment with Defendant Zillow. Plaintiff was subjected to discriminatory conduct that was so severe, widespread, and persistent that any reasonable employee would have considered his work environment to be abusive. Plaintiff's resignation of his employment was constructive termination of his employment. Defendant's constructive termination of Plaintiff's employment because of his complaint of disability is a violation of California's fundamental public policy and is therefore a wrongful employment termination in violation of public policy.

144.   Additionally, Plaintiff Kerr was exposed to a patently unsafe working environment in violation of OSHA rules and regulations relating to the noise levels at the workplace.  When Plaintiff Kerr complained to his supervisors that his hearing was being damaged because of unsafely loud working conditions, Plaintiff's managers retaliated against Plaintiff by forcing him to sit directly next to the speaker where loud music was blasting, from causing further damage to Plaintiff's hearing.  Plaintiff was forced to end his employment with Zillow in order to maintain the hearing ability that he had left.  Additionally, Plaintiff was continuously ridiculed for his complaints about these working conditions and was told that it was his age that was causing the problems and not Zillow's working conditions.

145.  Plaintiff Seda was forced to endure racial discrimination, age discrimination, and religious discrimination while employed by Zillow.  Plaintiff was called heinous discriminatory names by Zillow management as outlined above and Plaintiff was told that his religious convictions had "no place" at Zillow.  Faced with

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

these discriminatory and unlawful acts, Plaintiff Seda was forced to leave his employment at Zillow.

146. As a direct and proximate cause of the tortious, unlawful, and wrongful acts of Defendant and its respective agents, servants, employees, and authorized representatives as aforesaid, Plaintiffs have suffered past and future special damages, including impairment of reputation and personal humiliation, past and future general damages in an amount according to proof at trial. Plaintiffs have been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income and earning potential.

147. In engaging in the conduct as hereinabove alleged, Defendant and its agents, servants, employees, and authorized representatives acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiffs' health, rights, and well-being, and intended to subject Plaintiffs to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## ELEVENTH CAUSE OF ACTION

### HARASSMENT - IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940

#### (By All Plaintiffs against All Defendants)

148. Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

149. By engaging in the conduct previously alleged herein, Defendant Zillow violated California Government Code § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the Fair Employment and Housing Act, despite Plaintiffs' complaints to management-level employees of harassment and discrimination.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

150.   Plaintiffs are informed and believe and thereon allege that the working conditions at Defendant Zillow were both subjectively and objectively pervasive as to constitute a *prima facie* case of harassment under both state laws and under Zillow's purported harassment policies.

151.   Plaintiffs' harassment was made aware to management-level employees at Zillow.  Zillow's management failed to discipline, admonish, or timely investigate Plaintiffs' claims.   Instead of prompt investigation or resolution of the hostile environment, Zillow, through its management-level employees and agents, chose to engage in a campaign of intimidation, harassment and abuse as alleged above.

152.   At all relevant times, Zillow had actual and constructive knowledge of the hostile work environment described and alleged herein, and condoned, ratified and failed to remedy the hostile work environment through their upper management, including their head of sales at the Orange County office, Jon Boller.

153.   As a result of the hostile work environment perpetrated and maintained by Defendant Zillow, and Zillow's failure to protect Plaintiffs from further discrimination and intimidation, Plaintiffs have suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

154.   As a direct and proximate result of the willful, knowing and intentional harassment of Plaintiffs, and Zillow's failure to act in an effort to remedy said environment, Plaintiffs have suffered mental distress, anguish and indignation. Plaintiffs are thereby entitled to general and compensatory damages in an amount to be proven at trial.

155.   Defendant Zillow's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of each of them.

**TWELFTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE §12940**

*(By All Plaintiffs against All Defendants)*

156.   Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

157.   Under California Government Code §12940, Defendant is prohibited from retaliation against Plaintiffs for opposing any practices forbidden or made unlawful under California Government Code §12940. Defendant is further prohibited from retaliating against Plaintiffs by Zillow's "unlawful harassment policy."

158.   Plaintiffs complained to Defendant's managers on numerous occasions alleged herein that Plaintiffs were being harassed, denied promotional opportunities, and being retaliated against on account of either race, religion, disability, or age.

159.   Plaintiffs are informed and believe and thereon allege that Defendant Zillow had numerous opportunities to remedy the hostility of its workplace, but Zillow, through its management level employees and agents, chose to engage in a campaign of intimidation, harassment and abuse as alleged above.

160.   Plaintiffs are informed and believe and thereon allege that after Plaintiff complained about differential treatment and compensation, and the working conditions at Zillow, Zillow's managers engaged in tactics to intimidate and harass Plaintiffs.  Specifically, with respect to Plaintiffs Seda, Johnson, and Peterson, they were required to sit in the back corner of the sales floor and were denied the same incoming sales leads and calls as others which were important to their income.  With respect to Plaintiff Kerr, he was moved directly next to the speaker that was causing his hearing problems after complaining about hearing loss. With respect to Youseph, he was forced to publically display a reprimand notice so he could be embarrassed in front of his peers because he was recovering from a herniated disk surgery, and then

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

was terminated for "insubordination" after being set up by manager Gabe Schmidt who told him he could throw away the public reprimand. Plaintiffs suffered a loss in income, and were eventually either directly terminated or constructively terminated in retaliation for requesting basic accommodations and that they be treated with human dignity.

161.   At all relevant times, Defendant had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by Defendant, and Defendant's failure to protect Plaintiffs from retaliatory behavior, Plaintiffs have suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, Plaintiffs have suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

162.   Defendants acts alleged herein are malicious, oppressive, fraudulent, despicable, and in conscious disregard of Plaintiffs' rights and public policy. As such, punitive damages are warranted against Defendants in order to punish and make an example out of each of them.

## THIRTEENTH CAUSE OF ACTION

**FAILURE TO MAINTAIN ENVIRONMENT FREE FROM HARASSMENT -**

*Cal. Govt. Code* **§ 12940**

*(By All Plaintiffs against All Defendants)*

163.   Plaintiffs reallege and incorporate as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

164.   Defendant failed to take all reasonable steps to prevent harassment against Plaintiffs from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

165. Specifically, Defendant failed and has failed to the present time to take any disciplinary action against Jon Boller who is head of sales at Zillow's Orange County Office, and who is responsible for creating the discriminatory and harassing culture. Additionally, upon information and belief, Zillow has failed to discipline Cody Fagnant for encouraging discrimination and harassment in the workplace. Further, Zillow only took measures to discipline Gabe Schmidt in response to litigation in November 2014 and not based on Mr. Schmidt's conduct before that time. Finally, Zillow has made numerous statements to the press since November 2014 where it has denied a workplace culture that promotes discrimination and harassment despite the fact that more than 10 Zillow employees have come forward with their own claims relating to different managers and supervisors who have taken unlawful action against them.

166. At all relevant times, Defendant had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by Defendant, and Defendant's failure to protect Plaintiffs from retaliatory behavior, Plaintiffs have suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, Plaintiffs have suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

167. Defendant's acts alleged herein are malicious, oppressive, fraudulent, despicable, and in conscious disregard of Plaintiffs' rights and public policy. As such, punitive damages are warranted against Defendants in order to punish and make an example out of each of them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs STEPHEN JOHNSON, REGINALD PETERSON, RYAN SEDA, JASON YOUSEPH, and MICHAEL KERR respectfully request for judgment to be entered upon Defendant Zillow, Inc. as follows:

1.   For general and special damages for an amount to be determined at trial;

2.   For pre- and post-judgment interest according to proof;

3.   For Punitive Damages where applicable;

4.   For Attorney Fees where applicable by statute;

3.   For costs of suit incurred herein; and

4.   For all other relief as this court may deem proper.

DATED:  December 15, 2014                    GERAGOS & GERAGOS, APC
                                             SAMINI SCHEINBERG, PC


                                   By:    /s/ MARK J. GERAGOS
                                          MARK J. GERAGOS
                                          BEN J. MEISELAS
                                          GREG L. KIRAKOSIAN
                                          TYLER M. ROSS
                                          BOBBY SAMINI
                                          NICOLE PRADO
                                          MATTHEW M. HOESLY
                                          Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs STEPHEN JOHNSON, REGINALD PETERSON, RYAN SEDA, JASON YOUSEPH, and MICHAEL KERR hereby demand a jury trial.


DATED:  December 15, 2014                         GERAGOS & GERAGOS, APC
                                                  SAMINI SCHEINBERG, PC


                                  By:   /s/ MARK J. GERAGOS
                                        MARK J. GERAGOS
                                        BEN J. MEISELAS
                                        GREG L. KIRAKOSIAN
                                        TYLER M. ROSS
                                        BOBBY SAMINI
                                        NICOLE PRADO
                                        MATTHEW M. HOESLY
                                        Attorneys for Plaintiffs