STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
RAVI DOSHI (279851)
rdoshi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

BROOKE TAYLOR (*pro hac vice*)
btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 373-7383
Facsimile: (206) 516-3883

Attorneys for Defendant Zillow, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN JOHNSON, an individual; REGINALD PETERSON, an individual; RYAN SEDA, an individual; JASON YOUSEPH, an individual; and MICHAEL KERR, an individual,<br><br>Plaintiff,<br>vs.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 8:14-CV-01991 DOC (DFMx)<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT ZILLOW'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>Date: April 20, 2015<br>Time: 8:30 a.m.<br>Place: Courtroom 9D |

3631925v1/014495

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND BACKGROUND ..................................................... 1

II. LEGAL STANDARD ...................................................................................... 3

III. ARGUMENT .................................................................................................... 3

    A. Plaintiffs' Emotional Distress Claims Are Subject to Dismissal, Just as This Court Previously Held in *Kremer*, *Boehler*, and *Young*. ................ 3

    B. Plaintiff Seda's Religious Discrimination Claim Fails as a Matter of Law. ......................................................................................................... 4

    C. Various Other Discrimination and Related Causes of Action Fail to State a Claim. ............................................................................................ 7

        1. Plaintiff Johnson, Peterson, and Seda's "Equal Pay Act" Claims Fail. ............................................................................... 7

        2. Plaintiff Kerr's Disability Discrimination, Harassment, and Retaliation Claims are Time-Barred. ........................................ 8

        3. Plaintiff Peterson's Age Discrimination Claim Fails. ............. 8

IV. CONCLUSION ................................................................................................ 9

3631925v1/014495

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ 6

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ................................................................................ 6

*Hatfield v. DaVita Healthcare Partners, Inc.*,
   No. C 13-5206 SBA,
   2015 WL 106632 (N.D. Cal. Jan. 7, 2015) ........................................................ 7

*Heath v. AT&T Corp.*,
   No. C-05-0719 VRW,
   2005 WL 2206498 (N.D. Cal. Sept. 12, 2005) ................................................ 11

*Jackson v. Carey*,
   353 F.3d 750 (9th Cir. 2003) .............................................................................. 6

*Moranski v. Gen. Motors Corp.*,
   433 F.3d 537 (7th Cir. 2005) ..................................................................... 5, 8, 9

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998) .............................................................................. 6

*Peterson v. Hewlett-Packard Co.*,
   358 F.3d 599 (9th Cir. 2004) ................................................................. 5, 8, 9, 10

*Roughgarden v. YottoMark, Inc.*,
   No. 10-cv-04098 EJD (PSG),
   2011 WL 2837041 (N.D. Cal. July 13, 2011) ................................................. 11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .............................................................................. 6

*Wilson v. U.S. W. Comm's*,
   58 F.3d 1337 (8th Cir. 1995) .............................................................................. 8

**Statutes**

29 U.S.C. § 206(d) ................................................................................................ 5, 10

Cal. Gov. Code § 12926(b) ................................................................................... 5, 11

Cal. Gov. Code § 12940(a) ........................................................................................ 7

Cal. Gov. Code § 12960(d) ................................................................................... 5, 11

3631925v1/014495

Cal. Lab. Code § 1197.5 .......................................................................................... 5, 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 6

## I. INTRODUCTION AND BACKGROUND

This case is one of a series of cases pending before this Court in which individuals represented by Plaintiffs' counsel have sued defendant Zillow, Inc. ("Zillow") for discrimination, retaliation, harassment and related claims.

In this particular case, there are five plaintiffs: Stephen Johnson, Reginald Peterson, Ryan Seda, Jason Youseph, and Michael Kerr (collectively "Plaintiffs"). Plaintiffs Johnson, Peterson, and Seda claim they were discriminated against on the basis of race. Compl. ¶ 1. Plaintiff Seda further asserts claims for religious discrimination. *Id.* ¶¶ 5, 24, 74-84. Plaintiffs Johnson and Peterson assert claims for age discrimination. *Id.* ¶¶ 106-17. Plaintiffs Youseph and Kerr assert claims for disability discrimination. *Id.* ¶ 118-29. All Plaintiffs claim retaliation, harassment, intentional and negligent infliction of emotional distress, and either wrongful termination or constructive discharge stemming from their underlying discrimination allegations. *Id.* ¶¶ 58-73, 130-67. Zillow brings this motion to dismiss various causes of action in the Complaint that are legally and factually unsupported.

*First*, Zillow moves to dismiss all Plaintiffs' claims for intentional and negligent infliction of emotional distress ("IIED" and "NIED") because any allegations of emotional distress are conclusory. This Court has already so ruled in three other cases filed by Plaintiffs' counsel against Zillow at around the same time as this complaint. The same result is warranted here.

*Second*, Zillow moves to dismiss Plaintiff Seda's claim for religious discrimination. Plaintiff Seda alleges that Zillow asked him to remove a "personal Zillow sales icon which read 'Thank you lord' and 'God over money,'" while permitting other, non-religious icons to be used. Compl. ¶ 2. Plaintiff Seda alleges not that Zillow discriminated against Mr. Seda on the basis of his religious beliefs as compared to employees with differing religious views, but rather that Zillow made clear that there was "'no place' for religious imagery at Zillow" when it came

to "Zillow sales icons." Compl. ¶¶ 2, 24. The Ninth Circuit has held that it does not constitute unlawful religious discrimination for an employer to require a religious employee to take down posters featuring biblical messages. *See, e.g.*, *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). The Seventh Circuit has likewise declined to find religious discrimination where a private employer had a blanket policy against establishing religious affinity groups at the workplace, since the employer "would have taken the same action had [plaintiff] possessed a different religious position," and because "[t]he company's decision to treat all religious positions alike . . . does not constitute impermissible 'discrimination' under Title VII." *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 540 (7th Cir. 2005). The same is true here, and Plaintiff's religious discrimination claim must therefore be dismissed.

*Finally*, Zillow moves to dismiss several of Plaintiffs' other discrimination-related claims. Plaintiffs Johnson, Peterson, and Seda allege that Zillow violated the "Equal Pay Act." Compl. ¶¶ 97-105. Whether under the federal Equal Pay Act, 29 U.S.C. § 206(d), or California's Equal Pay Act, Cal. Lab. Code § 1197.5—the Complaint does not specify—Plaintiffs fail to state a claim for gender discrimination under either law. Plaintiff Kerr complains of disability discrimination, harassment, and retaliation that allegedly occurred prior to his termination in the "spring of 2013," Compl. ¶ 55, rendering such claims untimely under the applicable one-year statute of limitations. Cal. Gov. Code § 12960(d). Plaintiff Peterson asserts a claim for age discrimination, but fails to allege he is at least 40 years old. *See* Cal. Gov. Code § 12926(b) ("'Age' refers to the chronological age of any individual who has reached his or her 40th birthday.").[1]

---

[1] Plaintiff Seda alleges that he was "forced to endure . . . age discrimination . . . while employed at Zillow." Compl. ¶ 145. To the extent Plaintiff Seda asserts a cause of action for age discrimination, his claim is subject to dismissal for the same reason as Plaintiff Peterson's claim.

1  Based on various defects in Plaintiffs' claims, Zillow respectfully requests
2  that the Court grant its motion to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that a plaintiff's complaint must be dismissed when the allegations contained within it fail to state a claim upon which relief can be granted. In order to survive a 12(b)(6) motion to dismiss, a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In evaluating whether that standard has been met, the court must accept as true all material allegations of the complaint, as well as all reasonable inferences to be drawn therefrom. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). It should additionally construe the complaint in the light most favorable to the nonmoving party. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See id.* (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994)). Where the plausibility standard cannot be met and the court is satisfied that the deficiencies within the complaint cannot be cured by amendment, dismissal with prejudice is appropriate. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III. ARGUMENT

### A. Plaintiffs' Emotional Distress Claims Are Subject to Dismissal, Just as This Court Previously Held in *Kremer*, *Boehler*, and *Young*.

Plaintiffs' only allegations related to the quantity and quality of emotional distress they suffered as a result of Zillow's alleged acts are that they "suffered severe emotional distress." Compl. ¶¶ 5, 62. In three related cases brought against Zillow by Plaintiffs' counsel, the Court has ruled that such minimal pleading is deficient and does not adequately state a claim for emotional distress. *See Boehler v. Zillow, Inc.*, Case No. SACV 14-01844-DOC (DFMx), Feb. 17, 2015 Order (Dkt.

22) at 5 ("[T]hroughout the complaint, Plaintiff alleges that he "suffered emotional distress" . . . . These allegations are a mere restatement of an element of the IIED and NIED claims."); *Young v. Zillow, Inc.*, Case No. SACV 14-01922-DOC (DFMx), Feb. 17, 2015 Order (Dkt. 22) at 8 (same); *Kremer v. Zillow, Inc.*, Case No. SACV 14-01889-DOC (DFMx) (C.D. Cal. Feb. 3, 2015), Feb. 3, 2015 Order (Dkt. 31) at 7-8 (same). Similarly here, Plaintiffs' conclusory recitation of the elements of IIED and NIED causes of action fail to state a claim. *See Hatfield v. DaVita Healthcare Partners, Inc.*, No. C 13-5206 SBA, 2015 WL 106632, at *4 (N.D. Cal. Jan. 7, 2015) (finding that the plaintiffs' "entirely vague" allegations that they suffered "depression, fear and anxiety about their jobs and lives" were not enough to adequately allege that they suffered severe or extreme emotional distress).

Therefore, just as the Court has so ordered three previous times in three related cases filed by Plaintiffs' counsel against Zillow, the Court should dismiss Plaintiffs' claims for emotional distress.

### B. Plaintiff Seda's Religious Discrimination Claim Fails as a Matter of Law.

Plaintiff Seda alleges that "Zillow demanded that [he] remove his personal Zillow sales icon which read 'Thank you lord' and 'God over money' while permitting other employees who had Zillow icons with alcohol and smoking imagery." Compl. ¶ 2. Plaintiff Seda alleges that "Zillow management condoned and endorsed sales icons containing alcohol and smoking imagery, which was reflective of the office culture." *Id.* Finally, Plaintiff Seda alleges that he was "told that there was 'no place' for religious imagery at Zillow." *Id. See also id.* ¶¶ 24, 82. On the basis of these allegations, Plaintiff Seda asserts a claim for religious discrimination under FEHA, Cal. Gov. Code § 12940(a) ("It is an unlawful employment practice for an employer, because of the . . . religious creed . . . of any person, to discharge the person from employment or discriminate against the person

. . . ."). In short, Plaintiff Seda complains that Zillow was required to effectively endorse his religious viewpoint by permitting it to be included on "Zillow sales icon[s]" and that it was discriminatory to apply a neutral policy that religious imagery not be permitted on such icons at all. That is simply not the law.

Courts have recognized that laws against religious discrimination in the workplace do not require "an employer to allow an employee to impose his religious views on others." *Wilson v. U.S. W. Comm's*, 58 F.3d 1337, 1342 (8th Cir. 1995). In *Wilson,* for example, the plaintiff wore a "graphic anti-abortion button" to work, causing "immediate and emotional reactions from co-workers," resulting in her employer "ask[ing] Wilson to cover the button during work" and terminating her when she refused. *Id.* at 1338. The court held that the employer was not required to permit the plaintiff "to impose her beliefs as she chooses," even if causing a "disruption at work."

Similarly, in *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 540 (7th Cir. 2005), General Motors had "an Affinity group program to support employee-organized groups organized around aspects of social identity," but "decline[d] to sanction any group that promotes a religious position." The plaintiff alleged that "General Motors' refusal to grant Affinity Group status to any group that promotes or advocates a religious position means that it treats 'nonreligious' employees more favorably than religious ones." *Id.* The Seventh Circuit disagreed, concluding that "General Motors's Affinity Group policy treats all religious positions alike—it excludes them all from serving as the basis of a company-recognized Affinity Group." *Id.* at 541. The court held that this "decision to treat all religious positions alike in its Affinity Group program does not constitute impermissible 'discrimination' under Title VII." *Id.*

And in *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 601 (9th Cir. 2004), the plaintiff brought a similar claim for religious discrimination under Title VII and Idaho law. In that case, the company began displaying "diversity posters" as part of

a workplace diversity campaign, one of which depicted a Hewlett-Packard employee above a caption that said "Gay." *Id.* The plaintiff was a self-described "'devout Christian,' who believes that homosexual activities violate the commandments contained in the Bible." *Id.* Thus, "[i]n response to the posters that read 'Gay,' [the plaintiff] posted two Biblical scriptures on an overhead bin in his work cubicle," posters that were "large enough to be visible to co-workers, customers, and others who passed through an adjacent corridor." *Id.* The plaintiff's supervisor "removed the scriptural passages," and noted that they violated the company's anti-harassment policy. *Id.* at 602. The plaintiff was terminated after refusing to remove similar posters with Biblical messages. *Id.*

The Ninth Circuit held that the plaintiff failed to state a disparate treatment claim for religious discrimination. *Id.* at 603-05. In so doing, the Ninth Circuit noted that asking the plaintiff to remove posters with Biblical messages and to abide by the company's harassment policy—"a policy that was uniformly applied to all employees"—did not violate the law. *Id.* at 603. The Ninth Circuit noted that the plaintiff had failed to compare himself to any similarly-situated employees, where he alleged that other employees were allowed to hang posters with "Native American dream catchers," "New Age pictures of whales," and "a yin-yang symbol." *Id.* at 605. The court held there was no evidence that such posters were intended to be hurtful to any other employee, whereas the plaintiff's Biblical posters were intended to be hurtful to homosexual employees in violation of the company's anti-harassment policy. *Id.*

Here, Plaintiff complains that Zillow made clear that religious imagery was not to be included in "Zillow sales icons." Even accepted at face value, such a claim does not suffice to establish religious discrimination in violation of FEHA. Just as the Seventh Circuit found that General Motors was not required to endorse religious Affinity Groups, neither is Zillow required to endorse religious imagery on its "Zillow sales icons." *Moranski*, 433 F.3d at 540. This case is even stronger than the

*Peterson* case in which the Ninth Circuit found for the employer. Here, not only did Plaintiff wish to display religious imagery in the workplace, he intended to do so on "Zillow sales icons," which could be interpreted as Zillow endorsing his religious viewpoints above others (or above non-religious viewpoints). Because Plaintiff alleges Zillow had a neutral policy prohibiting religious imagery from "Zillow sales icons," his claim for religious discrimination fails. *Peterson*, 358 F.3d at 605.

### C. Various Other Discrimination and Related Causes of Action Fail to State a Claim.

For the reasons set forth below, several other claims Plaintiffs assert are infected with pleading defects requiring dismissal.

#### 1. Plaintiff Johnson, Peterson, and Seda's "Equal Pay Act" Claims Fail.

Plaintiffs Johnson, Peterson, and Seda allege that Zillow violated the "Equal Pay Act." Compl. ¶¶ 97-105. Plaintiffs fail to specify whether they are suing under the federal Equal Pay Act, 29 U.S.C. § 206(d), or California's Equal Pay Act, Cal. Lab. Code § 1197.5. In any event, such laws only protect against discrimination on the basis of sex, not race. *See* 29 U.S.C. § 206(d)(1)("No employer . . . shall discriminate . . . on the basis of sex by paying wages . . . at a rate less than the rate at which he pays wages to employees of the opposing sex . . . .") (emphasis added); Cal. Lab. Code § 1197.5(a) ("No employer shall pay an individual . . . at a wage rate less than the rates paid to employees of the opposite sex in the same establishment for equal work . . . .") (emphasis added). Plaintiffs Johnson, Peterson, and Seda, do not allege that they were paid less than similarly situated employees on the basis of sex. Instead, in support of their "Equal Pay Act" claim, these Plaintiffs complain only of discrimination on the basis of race. *See* Compl. ¶¶ 99-101. Zillow respectfully requests that the Court dismiss Plaintiffs' Sixth Cause of Action.

### 2. Plaintiff Kerr's Disability Discrimination, Harassment, and Retaliation Claims are Time-Barred.

The Court should dismiss Plaintiff Kerr's claims for disability discrimination, harassment, and retaliation as time-barred. *See* Compl. ¶¶ 118-26, 148-67. In support of these claims, Plaintiff Kerr alleges that he was subjected to loud music at Zillow "within a month" of beginning his employment in September 2012. Compl. ¶¶ 49-51. Plaintiff Kerr alleges that he (1) complained of "ear ringing" to a manager in "December 2012," *id.* ¶ 52; (2) was "chastised and disciplined" in "February 2013," *id.* ¶ 53; (3) complained to management and sought to submit a worker's compensation claim in "March 2013," *id.* ¶ 55. Finally, Plaintiff Kerr claims he was constructively discharged "in the spring of 2013 . . . ." *Id.* ¶ 55.

Claims for disability discrimination, retaliation, and harassment under FEHA are subject to a one-year statute of limitations. *See* Cal. Gov. Code § 12960(d) ("No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred . . . ."); *see also, e.g.*, *Heath v. AT&T Corp.*, No. C-05-0719 VRW, 2005 WL 2206498, at *7 (N.D. Cal. Sept. 12, 2005) ("Heath's retaliation, harassment and disability discrimination claims are subject to FEHA's one-year statute of limitations."). Here, Plaintiff Kerr alleges claims that accrued no later than "spring of 2013" when he claims to have been constructively discharged. *Id.* ¶ 55. Plaintiff Kerr did not file this lawsuit until over a year later on December 15, 2014. *See generally* Compl. As such, Plaintiff Kerr's FEHA claims—the eighth, eleventh, twelfth, and thirteenth causes of action—are time-barred on their face and must be dismissed.

### 3. Plaintiff Peterson's Age Discrimination Claim Fails.

Plaintiff Peterson asserts a claim for age discrimination in violation of FEHA. *See* Compl. ¶¶ 106-17. However, Plaintiff Peterson fails to allege that he is at least 40 years old, as required to state such a claim. *See* Cal. Gov. Code § 12926(b) ("'Age' refers to the chronological age of any individual who has reached his or her 40th birthday."); *see also, e.g.*, *Roughgarden v. YottoMark, Inc.*, No. 10-

cv-04098 EJD (PSG), 2011 WL 2837041, at *3 (N.D. Cal. July 13, 2011) ("To maintain a claim for age discrimination under FEHA, a plaintiff must show that he was (1) <u>at least forty years old</u>, (2) performing his job in a satisfactory manner, (3) discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination.") (emphasis added). As such, Plaintiff Peterson's age discrimination claim fails as a matter of law and must be dismissed.[2]

## IV.  CONCLUSION

For the foregoing reasons, Zillow respectfully requests that the Court grant its motion to dismiss.

Dated:   March 23, 2015

BROOKE TAYLOR (*pro hac vice*)
STEVEN G. SKLAVER
AMANDA K. BONN
DAVIDA BROOK
RAVI DOSHI
SUSMAN GODFREY L.L.P.

By:  */s/ Amanda K. Bonn*
     Amanda K. Bonn

*Attorneys for Defendant Zillow, Inc.*

---

[2] The complaint also includes an errant allegation, not connected to an age discrimination cause of action, that Plaintiff Seda was "forced to endure . . . age discrimination . . . while employed at Zillow." Compl. ¶ 145. To the extent Plaintiff Seda attempts to assert a cause of action for age discrimination, this claim is subject to dismissal for the same reason as Plaintiff Peterson's claim.